RECEIVED
9/12/2022
AK
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States District Court

Northern District of Illinois

Erika Jacobs

Plaintiff

Case No.: **1:22-cv-04955**
**Judge Marvin E. Aspen**
**Magistrate Judge Gabriel A. Fuentes**
**RANDOM**

v.

Weiss Memorial Hospital

Defendant

## COMPLAINT

Comes Now Erika Jacobs, Plaintiff, in the above styled case to bring the following complaint under the following statutes (and other state statutes listed throughout the complaint as is allowed for diversity claims; Federal courts hear cases based on state law that involve parties from different states). The Plaintiff, Erika Jacobs, relocated to this state from Virginia for a new job:

28 U.S. Code [ 1332 Diversity of Citizenship

Part IV, Title 1, Chapter 265 Sec 37

This case falls under the following unlawful acts of: Malice, Conspiracy, Defamation (to include libel and slander), violation of labor laws and violation of human rights (up until violation of Constitutional rights). The Plaintiff brings this tort civil law suit under the following statutes: 1. 775 ILCS 5/1- 101, 2. Illinois Civil Rights act of 2003, 3. Illinois Civil Rights Act of 2006, 4. Slander and libel Act ({{ 145/0.01 -145/3), 5. The Constitution of Chicago: Section 13. Trial by Jury, Section 20. Individual Dignity and Section 2. Due Process and equal protection. And any other constutional rights set forth as declarative. 6. 775 ILCS 5/2-102 (FROM Ch. 68, par. 2-102) K. Notice; J. Pregnancy; reasonable accommodations. (1) if after a job applicant or employee, including a part-time, full-time, or probationary employee, requests a reasonable accommodation, for an employer to not make reasonable accommodations for any medical or common

condition of a job applicant or employee related to pregnancy or childbirth, unless the employer can demonstrate that the accommodation would impose an undue hardship on the ordinary operation of the business of the employer. The employer may request documentation from the employee's health care provider concerning the need for the requested reasonable accommodation or accommodations to the same extent documentation is requested for conditions related to disability if the employer's request for documentation is job-related and consistent with business necessity. The employer may require only the medical justification for the requested accommodation or accommodations, a description of the reasonable accommodation or accommodations medically advisable, the date the reasonable accommodation or accommodations became medically advisable, and the probable duration of the reasonable accommodation or accommodations. It is the duty of the individual seeking a reasonable accommodation or accommodations to submit to the employer any documentation that is requested in accordance with this paragraph. Notwithstanding the provisions of this paragraph, the employer may require documentation by the employee's health care provider to determine compliance with other laws. The employee and employer shall engage in a timely, good faith, and meaningful exchange to determine effective reasonable accommodations. J Pregancy; reasonable accommodations. 2 and 4, 5.Merit and Retirement Systems (a) Applying different standards of compensation, (3) Establish, maintain, and carry our a continuing (a) indicating, by each position in State. 7. Chpt 775 Human Rights (5/1-101-999-999)8. Conspiracy sec 8-2.1 Conspiracy against Civil Rights. (720/LCS 5/8 -2.1).9. 735 ILCS 5/13-201. 10. 820 ILCS 112 Sec. 10. Prohibited Acts (C) Accounts for the differential; and any applicable parts of this law. Actual Malice • acting with reckless disregard for

the statement's truth or falsity. It is illegal for Illinois employers to fire employees for filing wage claims or otherwise exercising their rights under wage and hour laws. The Illinois statute (law) on workplace claims is the 735 Compiled Statutes 5/13- 201 et seq. : Illinois state law sets the statute of limitations on submitting tort (personal injury) claims, including intentional infliction of emotional distress, termination in violation of public policy or defamation. • Tort claims: 2 years STATEMENT OF FACTS To begin I was interviewed and hired by Lyn Bunzol, Laboratory manager. Thereafter, I was called by Rachel Reid, Human Resources, and was advised of my wage and informed that I had to speak with Elvira, nurse of employee health.( Rachel Reid stated that Elvira would call and email me.) At the time my wage was disclosed I asked Rachel Reid what was the going rate that other Med Techs at their facility were being paid and about shift differentials. I told Rachel Reid that the wage stated on my application was the minimum but I wanted the rate of pay accustomed to all Med Techs currently working at the facility. At the time Rachel did not know the answer and stated she would research it and follow up with me for a response. I received a phone call from Elvira; she appeared to be distance and un-alert during our conversation. Elvira would email me and leave out information discussed. I would have to email her again to get the information we discussed emailed to me. Elvira did not tell me of their Covid-19 policy. Elvira did not tell me that if and when approved for the Covid-19 that I would be subjected to weekly Covid-19 testing. Once I received the health information from Elvira (to include Covid-19 exemption request), I immediately emailed Elvira the completed health information forms requested via email on 6-24-22. Elvira agreed to accept my two part PPD test from March and April of 2021. I called Rachel on July 6th to verify if the hospital still wanted me to come and begin work on July 11, 2022. Rachel responded, "Yes". Rachel

via email kept trying to change the date to July 7th 2022. I advised Rachel Reid via phone and email that as agreed I was to arrive in Chicago on July 8th 2022. Once I arrived in Chicago on July 8th 2022, Elvira had me to sign some of the same forms I had submitted via email (to include Covid-19 exemption). I stated to Elvira, "I emailed you these forms, don't you have them on file". Elvira appeared to be unprepared for my arrival and in a clutter in locating the information I emailed to her. I had already completed these forms, and was approved, so why did I need to complete the forms again. The only information pending per my emails with Elvira was the PPD test. I had sent her one PPD from 2021 but was unable to get the 2nd PPD at that moment. Elvira told me on July 8, 2022 that she needed a Varicella titer and that was it. Upon going to the lab on July 8, 2022 the phlebotomist asked Elvira if she wanted to perform a Quanteferon on me. Elvira replied,"no". I told Elvira to go ahead and do the Quantiferon (but a Quantiferon nor a Varicella titer will not stop any employee from starting work while waiting on results). Elvira did not tell me I could not start work on Monday, July 11, 2022. Upon departure off the elevator Elvira stated to me see you on Monday. I have worked in Healthcare and a physical is always your immunization records; if a titer is required it does not delay any employee from working. Elvira never informed me that she wanted to do any titer until July 8th 2022 (it takes about 3 to 4 days for results to return). I had already been approved for exemption from having the varicella shot a titer was not needed. Instead, when I came to Human Resources to fill out paper work on July 8, 2022. Rachel told me that Elvira told her that I could not start work on Monday July 11, 2022. I told Rachel that Elvira did not inform me that I could not start work on Monday July 11, 2022. I called Elvira and she was very crude with her phone tone and falsely told me that she informed me that I could not start work on Monday, July 11,

4

2022 (that includes the virtual orientation). Elvira was very argumentative and untruthful; because Elvira never told me that I could not begin work on July 11th 2022. Rachel Reid became haughty and aggressive with her behavior. Rachel Reid kept assisting Elvira told me that I could not start work on Monday, July 11, 2022. Rachel Reid was abruptly rude about my living arrangements; even asked if I would stay with an employee at Weiss. I declined to stay with another employee at Weiss. I did not like how Rachel or Elvira were hitting me when they spoke (Elvira only did it once but Rachel did it twice over). I asked Rachel if she could speak with or have the superior/manager of Elvira to call me about my not being able to work on Monday July 11, 2022. Rachel stated she would. Rachel did not follow through on having anyone follow-up with me. I was emailed over the weekend an invite for the orientation for July 11,2022. I thought everything was resolved. I emailed Rachel Reid after the orientation to verify if I begin work on Tuesday. Rachel replied, "no". I advised the human resources staff that I would be leaving the state of Chicago because of human resources and employee health actions of not allowing me to work, via voice mail and email, if I was not let known by Wed. At 8am of my ability to work. I had sent Elvira the 2nd PPD information from the facility in which the test was done on the morning of July 12, 2022 (this information was not necessary if the Quantiferon was done on July 8, 2022; there is no wait time for a Quantiferon to begin work). All the health information was complete. Elvira nor Jessica advised me of a weekly Covid-19 testing. My supervisor Lyn Bonzl emailed me on July 13, 2022 to let me know I was cleared to work. I decided to stay and work for the company. It was a tragic mistake. The employee's Doris, Elvira, Jessica,Dr. Coleman, Aeisha Phillips (and others) all conspired to fire me unlawfully. Employee health first called me after 12pm on Monday July 18, 2022, 2nd week of employment, for a weekly

Covid-19 test. I am allergic to the swab for covid-19 testing. I was told if I do not take the weekly Covid-19 test that I could not work. The Weiss employee Health with support of Human Resources started taking away my hours for work, did not pay the monies due me for working (this includes shift differentials). Omitted paying me for Orientation. Rachel Reid became hostile and disgruntle about me asking about equal pay. Rachel Reid threatened my employment when questioned about equal pay. Doris, human resources manager, stated she would review my pay rate as compared to other employees. Doris never gave me an answer but tried to twist my words as if I was asking what a certain individual was paid in the lab (that was not my question; I just wanted the same equal pay as all Med Techs working at Weiss Memorial Hospital). The Weiss memorial hospital employees mentioned above were all informed that I was allergic to the swab. Although, the staff was informed employee health kept insisting on me taking the swab test. The staff went against doctors orders for a spit/saliva test. The saliva test is a send out test. This test was ordered by Dr Susan Sams chief medical director at Weiss Memorial Hospital. Dr. Susan Sams dictated that I was to take the spit/saliva test on 8-4-2022, Thursday. The staff is aware of how to collect send out test; the procedure is on the website if they had any questions. Yet, the employee health staff (Jessica and Elvira) refused to perform the procedure for spit/saliva test Covid-19 send out test. The staff were untruthful about employee titles and my behavior. The staff was accusing me, Erika Jacobs, of yelling, being noncompliant with company policy, being untruthful about my allergy to the Covid-19 swab, walking out on employee health and being disrespectful. The Staff mentioned above were angry as to why I did not want to take a weekly Covid-19 test. It is not a federal law that unvaccinated employee's have to take a weekly Covid-19 test. The CMS only regulates Medicare and Medicaid billing

issues. I told employee health, Human resources, Dr. Susan Sams and Lyn Bunzol, my manager, that I would follow-up with the EEOC because of their treatment toward me. The Weiss employee health and human resources approved the blood test for August 1 2022 and then rescended on the approval on August 5th and terminated my employment. The Weiss human resources Doris and Aeisha Phillips conspired with security in an attempt to have me arrested for getting my pocket book, cane and etc. from my locker after being fired on August 5th, 2022. I am entitled to my belongings in my locker upon termination. I was never aggressive, physical are threatening to anyone. Thus, to have security hiding in the office upon firing me was conspiracy. I saw the conspiracy act being done on August 5th and stated to Doris that I have to get my things and if she wants security to escort me to let me know. Doris yelled," I will do that" and Doris told security to make sure I only took things that belonged to me (insinuating that I am a thief). Aeisha even wanted me to pick up my first paycheck from security. The security staff have not right to be involved in my personal affairs that include job status and my pay check. The human resources, Aeisha Phillips, on August 4th pretended as if they never received a copy of my MLT, license. I gave Aiesha Phillips a copy of my MLT license, drivers license and social security card on July 8th 2022. All of the above laws are applicable to the behavior of the Weiss staff mentioned in this complaint. The Weiss Staff hired me and caused me to loose massive amounts of money (hotels, transportation and etc), search for new employment, pain and suffering and to acquire a 12 month lease in Illinois. This was an attempt by the Weiss staff to cause me to be without a home in the state of Illinois. This type of behavior falls under the classification of Malice and conspiracy. The human resources fired me under the untruth of I declined to take spit/saliva test on August 5th 2022. I agreed to take the

spit/saliva send out test but no one in employee health would perform the procedure for test send out.

CONCLUSION

The Plaintiff ask for punitive damages, compensatory damages, back pay, lost wages, general damages, pain and suffering, lost benefits, expenses associated with finding work in the sum of 10,000,000. The acts of Weiss employees were unlawful and filed under wrongful termination tort claim of defamation, malice, conspiracy and violation of human rights. Thus, the plaintiff preys her request will be granted.

This 8th day of Septem, 2022.
September 4 9-8-22

s/ Erika Jacobs
Erika Jacobs

Erika Jacobs Pro-se

PO Box 2964

Chicago, IL 60690

602-434-3107

Erika Jacobs
Plaintiff
PO Box 2964
Chicago, IL 60690

Weiss Memorial Hospital
4646 North Marine dr.
Chicago, IL 60690